UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL WILLIAM KUZMA,

        Plaintiff,

v.

ADAM DOUGLAS, MELISSA GODFREY,
SHANNON FLAUGHER, and HEIDI
WASHINGTON,

        Defendants.
_____/

Case Number 23-12848
Honorable David M. Lawson
Magistrate Judge Anthony P. Patti

## **OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT, AND CONTINUING REFERRAL**

Plaintiff Michael Kuzma, a Michigan prisoner, filed a complaint without the assistance of an attorney alleging that the defendants ignored and refused to address his requests to be supplied with effective insect repellent to prevent a risk of aggravating consequences from insect bites to which he was unusually sensitive because of his compromised immune system. The Court referred the case to Magistrate Judge Anthony P. Patti for pretrial management. Thereafter, the defendants filed a combined motion to dismiss and motion for summary judgment in which they argued that the complaint did not frame any plausibly claims against defendant Warden Adam Douglas or defendant Heidi Washington, Director of the Michigan Department of Corrections (MDOC), and that the plaintiff failed to exhaust administrative remedies properly concerning his claims against the other named defendants. Judge Patti issued a report on February 4, 2025 recommending that the Court grant the motion in part, allow Count II (First Amendment retaliation) to proceed against defendant Shannon Flaugher only, and dismiss Counts I and III through V against the other defendants. The plaintiff filed one objection to the report and recommendation and the matter is now before the Court.

I.

The plaintiff filed his complaint on December 9, 2023. The plaintiff is incarcerated by the State of Michigan at the Saginaw Correctional Facility. He has a compromised immune system due to the Human Immunodeficiency Virus (HIV). In the spring and summer of 2023, the plaintiff was assigned to outdoor lawn and garden maintenance duties at the prison. Around that time, a bulletin was circulated through the prison administration indicating that, due to the prevalence of mosquito-borne illnesses in Michigan, the MDOC would be switching to an insect repellent incorporating a more effective chemical agent (DEET). The plaintiff repeatedly asked to be supplied with this more effective repellent, but he was told that it was not available. He also sent a "kite" (internal prison correspondence) to defendant Deputy Warden Melissa Godfrey explaining his need for more effective insect bite protection due to his medical situation. He says that as a result of being denied adequate protection from insect bites, he suffered numerous mosquito bites that became swollen and inflamed due to an allergic reaction. He also says that he suffered fever, chills, body aches, and headaches due to his increased sensitivity to the insect bites resulting from his compromised immune system.

In September 2023, the plaintiff filed and appealed two grievances relating to the refusal to supply effective insect repellent, both of which were rejected by defendants Shannon Flaugher (Grievance Coordinator) and Godfrey. The plaintiff further alleges that he suffered retaliation when Flaugher issued a misconduct ticket for "insolent language" in the narrative section of his second grievance form.

The complaint pleads claims of deliberate indifference under the Eighth Amendment (Count I), First Amendment retaliation (Count II), supervisory liability against MDOC, and intentional and negligent infliction of emotional distress (Counts IV and V).

All defendants argued in their motion for summary judgment that the plaintiff failed to exhaust the internal administrative remedies available to prisoners, and that the complaint failed to state any plausible claim for relief against defendants Washington and Douglas. The motion was supported by records from the plaintiff's prison file that document the disposition of his two grievances.

The magistrate judge recommended that the motion should be granted in part and that most of the claims should be dismissed. Judge Patti observed that the complaint failed to plead any facts suggesting that defendant MDOC Director Heidi Washington was in any way involved in the deprivation of insect bite protection. In his response to the defendants' motion, the plaintiff represented that he consented to the dismissal of his claims against defendant Washington. As to defendant Warden Adam Douglas, the magistrate judge highlighted the well-established legal principle that there is no viable constitutional claim against a jail official based solely on the mishandling or improper denial of prison grievances, which is all that the plaintiff had alleged against defendants Washington and Douglas in his grievances and his complaint in this case. The magistrate judge also found that the administrative record showed that the plaintiff failed to administratively exhaust the Eighth Amendment claim against defendants Godfrey and Flaugher, since his grievance forms did not mention that they were involved in any way in failing to supply the requested protective agent. However, the magistrate judge found that the undisputed record showed that the plaintiff did properly exhaust his claim of First Amendment retaliation against defendant Flaugher by raising that claim during a hearing on the misconduct ticket that was issued by her.

The magistrate judge also observed that the defendants' motion challenged only Counts I and II of the complaint and did not present any arguments for dismissal of Counts III, IV, and V.

However, the magistrate judge issued a recommendation *sua sponte* that the Court should dismiss those counts for failure to state any plausible claim for relief under the general screening authority for prisoner litigation afforded by 28 U.S.C. § 1915(e)(2).

The magistrate judge concluded that the pleaded claims against defendants Douglas and Washington should be dismissed with prejudice due to the failure to allege their personal involvement; all of the claims against defendants Godfrey and Flaugher must be dismissed for lack of exhaustion, with the exception of the First Amendment claim against Flaugher; and the remaining claims in Counts III through V also should be dismissed.

The plaintiff filed one objection in which he argues that he did sufficiently allege defendant Douglas's personal involvement in the denial of his request for effective insect repellent, based on the alleged facts that Douglas had knowledge of the plaintiff's medical condition, that Douglas "failed to respond" to his correspondence requesting supplies of more effective insect repellent, and that Douglas improperly denied the plaintiff's grievances. The plaintiff contends that those allegations were not concerned merely with Douglas's "supervisory role" at the prison or his disposition of the plaintiff's grievances. The plaintiff also filed a "motion to amend" concurrently with his objections, but the motion does not articulate any grounds for the relief sought, it was not accompanied by any proposed amended pleading, and it supplies no hint about what additional facts would be pleaded.

II.

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981), enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147, 106

(1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The plaintiff did not object to the magistrate judge's recommendations concerning the grant of summary judgment for defendant Godfrey and Flaugher on the ground of failure to exhaust administrative remedies on the Eighth Amendment claim, the dismissal of all claims against defendant Washington, or the recommendation for summary dismissal of Counts III, IV, and V against all defendants. Neither party objected to the recommendation to allow Count II to proceed against defendant Flaugher only. The only live issue before the Court is whether Count I against Defendant Douglas should be dismissed for failure sufficiently to allege that his personal conduct renders him liable for deliberate indifference to the plaintiff's serious medical needs.

Defendant Douglas moved to dismiss Count I under Federal Rule of Civil Procedure 12(b)(6), which governs challenges to the sufficiency of the pleadings. When evaluating a motion under that rule, the Court is called upon to determine if the "complaint . . . contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A "claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951-52 (6th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). When reviewing the motion, the Court "must construe the complaint in the light most favorable to the plaintiff and accept all [factual] allegations as true." *Donovan v. FirstCredit,*

*Inc.*, 983 F.3d 246, 252 (6th Cir. 2020) (quoting *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)).

In his objection, the plaintiff points to Paragraph 41 of his complaint, where he alleged: "Defendant Douglas . . . knew about Plaintiff's serious medical condition and, upon and after Plaintiff's repeated pleas[] for repellent, did fail reasonably to respond." Compl., ECF No. 1, PageID.13. Those allegations, however, fall short of the requirements for pleading a plausible cause of action for deliberate indifference via the Eighth Amendment.

Kuzma bases his claims on 42 U.S.C. § 1983, a federal statute that provides a vehicle for individuals to seek redress in court for violations of rights secured by the Constitution and laws of the United States. To state a claim under that section, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)) (holding that the "complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights."). Put another way, "[u]nder § 1983, there is no *respondeat superior* or vicarious liability." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992)). To state a claim against Douglas under section 1983, the plaintiff must demonstrate that he "'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing

in the misconduct, if not carrying it out [himself]." *Ibid.* (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)).

It is well known that the State's jailors have "an 'obligation to provide medical care for those whom it is punishing by incarceration.'" *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). To establish a claim under the Eighth Amendment for deliberate indifference, Kuzma must plead facts showing that he suffered a serious medical condition that would have been apparent to someone in the position of the defendant (the objective component) and that the defendant actually perceived that condition and intentionally disregarded the risk to the plaintiff (the subjective component). *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005).

The plaintiff's complaint is sparse on facts concerning Douglas, alleging merely that the Warden "knew about Plaintiff's serious medical condition," which appears to be an allegation that Douglas knew that the plaintiff is HIV positive and was aware of related consequences of the disease such as immune system compromise. However, the plaintiff does not allege that he was denied medical care for his HIV condition. Instead, he says that the denial of stronger insect repellent resulted in his suffering of aggravated reactions to insect bites accompanied by fever, chills, body aches, and headaches. The allegations of those insect bites sensitivities do not rise to the level of identifying an objectively serious medical condition for which necessary medical attention was denied.

To support the objective component of his deliberate indifference claim, the plaintiff must plead the existence of a "sufficiently serious" medical need. *Dominguez v. Corr. Med. Servs.*, 555

F.3d 543, 550 (6th Cir. 2009) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A serious medical need may be demonstrated by a physician's diagnosis mandating treatment or a condition that "is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 897 (citations omitted).

The plaintiff has not alleged that he was diagnosed by a doctor with any serious illness resulting from excess sensitivity to insect bites, and the allegations that he suffered fever, chills, body aches, and headaches do not suffice to suggest that his condition was so obvious that a lay observer would recognize the need for urgent medical treatment. Other federal courts have found that aggravated symptoms from insect bites do not suffice to establish that a plaintiff had an objectively serious medical condition. *Ford v. LeMire*, No. 03-10176-BC, 2004 WL 1234137, at *5 (E.D. Mich. June 1, 2004) ("Although a spider bite can lead to more dire consequences, possibly including a systemic infection, amputation of a limb, or even death, the plaintiff has come forth with no evidence of any such consequences. There is no indication that the plaintiff suffered anything other than minor discomfort and a fever. The Court has little trouble concluding, therefore, that the delay in treating the plaintiff's spider bite did not amount to the deprivation of treatment for a "serious" medical condition."). Complexes of routine symptoms such as skin irritations, body aches, and headaches stemming from other types of injuries also have been found not to establish objectively serious conditions that obviously demand medical attention. *Tasby v. Cain*, 86 F. App'x 745, 746 (5th Cir. 2004) ("[Plaintiff's] assertion that he suffered a rash as a result of the back restraints . . . does not establish that he suffered 'serious harm.'"); *Williams v. Coleman*, No. 23-646, 2023 WL 4861740, at *5 (W.D. Mich. July 31, 2023) ("Headaches typically [are a condition] for which an inmate may seek relief, but for which professional medical treatment is not required."); *Payne v. Sevier Cnty., Tennessee*, No. 14-346, 2016 WL 552351, at *6 (E.D.

Tenn. Feb. 10, 2016), *aff'd*, 681 F. App'x 443, 2017 WL 838282 (6th Cir. 2017) ("Plaintiff's condition had not yet been diagnosed as oral cancer and his symptoms at the time of Nurse Timbrook's conduct—occasional nose bleeds, swollen gums, headaches, and nasal pressure resulting in blurred eyesight—were not such that a lay person would be on notice that his or her failure to administer an independent medical examination placed Plaintiff at significant risk of harm."); *Strepka v. Jonsgaard*, No. 10-00320, 2011 WL 2883375, at *15 (D. Colo. July 18, 2011), *R&R adopted*, 2011 WL 5569493 (D. Colo. Nov. 16, 2011) ("Headaches, dizziness, and disorientation, without more, do not rise to the level of a 'serious medical need.'") (citing *Fernandez v. Metro Dade Police Dep't*, 397 F. App'x 507, 512 (11th Cir. 2010)).

The magistrate judge focused on the plaintiff's argument that the deliberate indifference claim against Douglas should not be dismissed based on the plaintiff's insistence that Douglas was "ultimately responsible to assure [that] policy, procedures, MDOC memorandums and constitutional rights are followed and complied therewith," Plf.'s Resp., ECF No. 23, PageID.167, and that Douglas failed to act to ensure compliance by his subordinates. On that point, the magistrate judge aptly observed that suit against an individual defendant under section 1983 requires the plaintiff to plead that the defendant's "own individual actions [] violated the Constitution." *Iqbal*, 556 U.S. at 676. It is axiomatic that the defendants may not be held liable based on merely a supervisory role, *ibid.*, or based solely on inaction in the face of a known constitutional violation, absent some affirmative endorsement or encouragement or direct participation in the misconduct, *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992) ("[T]he mere failure to act, even in the face of a statistical pattern of misconduct, is an insufficient basis for holding a supervisor liable for the constitutional violations of her employees."). The plaintiff offers no rebuttal to that reasoning in his objections.

Finally, to the extent that the complaint frames any claim against Douglas for improper handling of the plaintiff's grievances, it is well settled that prisoners do not have a due process right to an effective prison grievance procedure. *Graham v. Chicowski*, No. 18-2049, 2019 WL 4381841, at *5 (6th Cir. May 3, 2019) ("Graham was not constitutionally entitled to notice and a hearing before being put on toplock, and even if the defendants did thwart Graham's ability to file a grievance, he did not have any due process right to an effective grievance procedure.").

The plaintiff's objections do not cite any legal authority that would call into question the magistrate judge's conclusions about the sufficiency of the pleading of the constitutional claim against defendant Douglas, and the plaintiff has failed to identify any facts in the complaint that were overlooked in the magistrate judge's analysis.

III.

Upon fresh review, the Court agrees with the magistrate judge's conclusion that the plaintiff failed to plead any plausible constitutional claim against defendant Warden Adam Douglas. The plaintiff has raised no objection to other components of the recommendation. The objections will be overruled, and the referral of the matter for the conclusion of pretrial proceedings will be continued.

Accordingly, it is **ORDERED** that the report and recommendation (ECF No. 29) is adopted, the plaintiff's objections (ECF No. 31) are **OVERRULED**, and the defendants' motion to dismiss and for summary judgment (ECF No. 21) is **GRANTED IN PART**. All claims against defendants Adam Douglas and Heidi Washington are **DISMISSED WITH PREJUDICE**. All claims against defendant Melissa Godfrey are **DISMISSED WITHOUT PREJUDICE**. Counts I and III through V of the complaint are **DISMISSED**. All of the claims against defendant Shannon Flaugher, with the exception of the claim of First Amendment retaliation (Count II) are

**DISMISSED WITHOUT PREJUDICE**.  Count II of the complaint alleging retaliation against defendant Flaugher will proceed, and the defendants' motion to dismiss that claim is **DENIED**.

It is further **ORDERED** that the referral of the matter to the assigned magistrate judge is **CONTINUED** under the previous order of reference.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   March 6, 2025